IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| HENRY VAUGHN, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 06 C 6427 |
| | ) | |
| ROBERT KELLY, | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

Henry Vaughn describes himself as a musician, R. Kelly's mentor, and the creative force behind Kelly's popular song and video "Step in the Name of Love." Kelly sees things differently, and says Vaughn is merely a member of his security team and had no input into the song or video. Asserting, among other things, oral contract, unjust enrichment, and fraud theories, Vaughn sued Kelly in the Circuit Court of Cook County, contending that he is entitled to compensation for his contributions to the "Step in the Name of Love" song and video. Kelly removed the action to federal court, contending that Vaughn's claims regarding "Step in the Name of Love" necessarily are based on federal copyright law. Vaughn seeks to remand this action to state court, contending that his complaint does not assert any federal copyright claims. For the following reasons, Vaughn's motion to remand is denied.

*Background*

The following facts are drawn from Vaughn's original complaint filed in state court.[1]

---

[1] Vaughn has tendered a proposed amended complaint to the court for its consideration in connection with his motion to remand. The court will not consider this document when determining if removal was proper, as the original complaint is the pertinent filing for purposes of ascertaining if a federal claim justifies removal. *See Gossmeyer v. McDonald*, 128 F.3d 481, 487-88 (7th Cir. 1997) ("Whether subject matter exists is a question answered by looking at the complaint as it existed at the time the petition for removal was filed" so once a case is removed, "amendment of the complaint ... does not defeat the original removal"); *Prince v. Rescorp*

Vaughn is a songwriter, vocalist, and musician who has expertise in the dance style known as Steppin'. In 2001, Vaughn suggested that Kelly could overcome career and reputation issues he was facing if he appealed to a wider, more mature audience by releasing a song and music video featuring Steppin.' Kelly asked Vaughn to teach him how to step, help him create a song based on this dance, and collaborate for the purpose of writing lyrics and creating a concept for a video. In return, Kelly said that Vaughn would be entitled to one-half of the proceeds from any resulting song and video.

Vaughn claims that he ultimately provided Kelly with lyrics for the song "Step in the Name of Love" and assisted "Kelly in establishing the concept for the song and video." Complaint at ¶¶ 56-57. He also taught Kelly to "step" and the "Step in the Name of Love" video featured Kelly using the moves and dance steps Vaughn taught him. Vaughn's creative contributions to the song and video were so substantial that "without [Vaughn's] efforts, talents, time and assistance," those works "would not have been created or released." *Id*. ¶ 66.

After Kelly failed to follow through on his alleged promise to share in the profits from "Step in the Name of Love," Vaughn sued him in the Circuit Court of Cook County, alleging that Kelly breached an oral contract, was unjustly enriched by his retention of all of the proceeds from the song and video, and defrauded him. Vaughn also contends that Kelly was liable for battery and false imprisonment because Kelly allegedly restrained and assaulted Vaughn when Vaughn was visiting Kelly's home. Contending that the claims based on the song and video

---

*Realty*, 940 F.2d 1104, 1105 n.2 (7th Cir. 1991) ("federal courts base decisions about subject matter jurisdiction after removal on the plaintiff's complaint as it existed at the time that the defendant filed the removal petition").

arose under federal law despite their state law labels, Kelly filed a timely notice of removal based on the alleged presence of a federal question.

*Discussion*

The propriety of removal turns on whether Vaughn's complaint is based on state or federal (specifically, copyright) law. Under the well-pleaded complaint rule, a cause of action arises under federal law when the plaintiff's complaint raises issues of federal law. *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987). The plaintiff is thus the master of his complaint and can control the litigation through the issues he raises, as opposed to those that the defendant includes in his response. *Jass v. Prudential Health Care Plan, Inc.*, 88 F.3d 1482, 1486 (7th Cir. 1996). This means that a defendant cannot remove a case to federal court under the guise of federal preemption simply by raising a federal question as a defense. *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1 (1983); *Speciale v. Seybold*, 147 F.3d 612, 615 (7th Cir. 1998).

A plaintiff, however, may not prevent the defendant from removing his case by framing his claims under state law and omitting federal questions that are essential to his recovery. *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. at 22; *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. at 64-65 (the "complete preemption" doctrine serves to "recharacterize a state law claim ... as an action arising under federal law" and "converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule"). Therefore, the court must determine whether Vaughn couched a federal cause of action in terms of state law. *See Burda v. M. Ecker Co.*, 954 F.2d 434, 438 (7th Cir. 1992). If Vaughn's state law claims in fact raise federal questions, federal law preempts

those state law claims, so the state law claims are really federal claims and thus are removable.

*Id.*

Section 301 of the Copyright Act preempts state law based causes of action that are equivalent to copyright infringement claims. 17 U.S.C. § 301(a). Specifically, it provides that:

> [A]ll legal or equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright ... in works of authorship that are fixed in a tangible medium of expression and come within the subject matter of copyright ... whether published or unpublished, are governed exclusively by this title. Thereafter, no person is entitled to any such right or equivalent right in any such work under the common law or statutes of any State.

*Id.*

Vaughn first argues that discussion of the Copyright Act is beside the point, because he is claiming a right to compensation under contract and fraud theories, as opposed to claiming any sort of right in a copyrighted work. The court disagrees, as the issue is whether Vaughn is seeking relief which ostensibly arises under state law but in fact necessarily implicates the Copyright Act. *See Burda v. M. Ecker Co.*, 954 F.2d at 438 (preemption inquiry focuses on whether a plaintiff's state law claims in fact arise under federal law).

The Seventh Circuit has set forth a two-part test to determine whether a state law claim is equivalent to one protected by the Copyright Act: (1) the work at issue must be fixed in a tangible form and come within the subject matter of copyright as specified in §§ 102[2]

---

[2] Section 102 grants copyright protection to "original works of authorship fixed in any tangible medium of expression," including sound recordings and musical, choreographic, and audiovisual works. 17 U.S.C. § 102(a). However, it also provides that copyright protection for an original work of authorship does not "extend to any idea, procedure, process, system, method of operation, concept, principle, or discovery, regardless of the form in which it is described, explained, illustrated, or embodied in such work." 17 U.S.C. § 102(b).

and 103[3] of the Copyright Act (the subject matter prong); and (2) the right asserted must be equivalent to any of the rights specified in § 106[4] of the Copyright Act (the equivalence prong). *ProCD, Inc. v. Zeidenberg*, 86 F.3d 1447, 1453 (7th Cir. 1996); *Baltimore Orioles, Inc. v. Major League Baseball Players Ass'n*, 805 F.2d 663, 674 (7th Cir. 1986). A state law claim can also be equivalent to a copyright if "it requires additional elements to make out a cause of action, but the additional elements do not differ in kind from those necessary for copyright infringement." *Baltimore Orioles, Inc. v. Major League Baseball Players Ass'n*, 805 F.2d at 677-78 n.26. If a cause of action requires "extra elements" above and beyond what is required by federal copyright law, the court must consider if "the additional elements differ in kind from those necessary for copyright infringement such that the nature of the action differs qualitatively from a copyright infringement action." *Stephen & Hayes Const., Inc. v. Meadowbrook Homes, Inc.*, 988 F.Supp. 1194, 1198 (N.D. Ill. 1998) (internal quotations omitted).

---

[3] Section 103 specifies that compilations and derivative works are entitled to copyright protection, but works using copyrighted materials unlawfully are not entitled to protection. 17 U.S.C. § 103(a). It further states that "the copyright in a compilation or derivative work extends only to the material contributed by the author of such work, as distinguished from the preexisting material employed in the work, and does not imply any exclusive right in the preexisting material. The copyright in such work is independent of, and does not affect or enlarge the scope, duration, ownership, or subsistence of, any copyright protection in the preexisting material." 17 U.S.C. § 103(b).

[4] Section 106 states that a copyright owner has the exclusive right to reproduce the copyrighted work, prepare derivative works based upon the copyrighted work, distribute copies of the copyrighted work to the public by sale or other transfer of ownership, and perform or display the copyrighted work publicly. 17 U.S.C. § 106.

*The Subject Matter Prong*

Here, the song "Step in the Name of Love" is a sound recording and the accompanying video is a musical, choreographic, and audiovisual work. Sound recordings and musical, choreographic, and audiovisual works are all expressly within the ambit of the Copyright Act. 17 U.S.C. § 102(a). Moreover, both the song and the video are "original works of authorship fixed in [a] tangible medium of expression." *Id*. Thus, the song and video satisfy the subject matter prong.

Vaughn nevertheless contends that his claims are outside the ambit of the Copyright Act's subject matter prong because he contributed the idea for the song and video and cannot himself claim an interest in Kelly's copyright. This argument is inconsistent with the factual allegations in the original complaint. In any event, the argument is unpersuasive. Specifically, it is true that "ideas – as opposed to their expression – are not eligible for copyright protection." *Incredible Technologies, Inc. v. Virtual Technologies, Inc.*, 400 F.3d 1007, 1011 (7th Cir. 2005). Nevertheless, the Copyright Act's "preemptive reach ... encompasses state law claims concerning uncopyrightable material." *Baer v. Chase*, 392 F.3d 609 (3d Cir. 2004); *see also National Basketball Assoc. v. Motorola, Inc.*, 105 F.3d 841, 849 (2d Cir. 1997) ("Copyrightable material often contains uncopyrightable elements within it, but Section 301 preemption bars state law misappropriation claims with respect to uncopyrightable as well as copyrightable elements"); *United States v. Board of Trustees of the University of Alabama*, 104 F.3d 1453, 1463 (4th Cir. 1997) ("the shadow actually cast by the Act's preemption is notably broader than the wing of its protection"); *Panizza v. Mattel, Inc.*, No. 02 CV 7722(GBD), 2003 WL 22251317, at *3 (S.D.N.Y. Sept. 30, 2003) (collecting cases holding that for preemption

purposes, "the Copyright Act applies with equal force to ideas"). Thus, even if the court focuses on Vaughn's alleged idea, his claims based on Kelly's alleged misappropriation of that idea still satisfy the subject matter prong.

*The Equivalence Prong*

The equivalence prong, which asks if the right asserted is equivalent to any of the rights specified in § 106 of the Copyright Act, is a closer question. As noted above, § 106 states that a copyright owner has the exclusive right to reproduce the copyrighted work, prepare derivative works based upon the copyrighted work, distribute copies of the copyrighted work to the public by sale or other transfer of ownership, perform or display the copyrighted work publicly. 17 U.S.C. § 106. Vaughn is not trying to do any of these things. Instead, he asserts three state law claims (breach of an oral contract, unjust enrichment, and fraud) which are potentially intertwined with the Copyright Act.

If any of these claims are preempted by federal law, removal is proper. The court's consideration of the preemption issue thus begins and ends with Vaughn's unjust enrichment claim. In Illinois, to receive equitable relief based on an unjust enrichment theory, Vaughn must demonstrate that Kelly unjustly retained a benefit to Vaughn's detriment and that Kelly's retention of the benefit violates fundamental principles of justice, equity, and good conscience. *HPI Health Care Services, Inc. v. Mt. Vernon Hosp., Inc.*, 131 Ill.2d 145, 160 (Ill. 1989); *TRW Title Insurance Co. v. Security Union Title Insurance Co.*, 153 F.3d 822, 828 (7th Cir. 1998). The preemption issue before the court turns on whether Vaughn's state law claim of unjust enrichment protects rights which are qualitatively different from the federally created rights of reproduction, performance, distribution, or display.

In Vaughn's motion to remand, he contends that Kelly misappropriated his idea for a song and video based on the Steppin' dance style and that claim for unjust enrichment is wholly unconnected to any claim arising under the Copyright Act. Vaughn's complaint, however, goes far past the concept of "idea theft" and contains allegations that Vaughn helped Kelly come up with the concept for the song and video, wrote the lyrics for "Step in the Name of Love," taught Kelly to "step," and was the creative force behind the moves and dance steps Kelly used in the video. Indeed, according to Vaughn, his creative contributions to the song and video were so substantial that without his "efforts, talents, time and assistance," those works "would not have been created or released."

The Copyright Act defines a "joint work" as "a work prepared by two or more authors with the intention that their contributions be merged into inseparable or interdependent parts of a unitary whole." 17 U.S.C. § 101. Vaughn's complaint, at heart, alleges that he is entitled to half of the money that Kelly made by reproduction, distribution, performance, and display of the song and video. *See* 17 U.S.C. § 106. Thus, Vaughn's unjust enrichment claim is preempted by the Copyright Act unless it requires him to establish an extra element which differs in kind from those necessary to state a claim for copyright infringement. *See Baltimore Orioles, Inc. v. Major League Baseball Players Ass'n*, 805 F.2d at 674.

Vaughn cannot meet this standard, as an unjust enrichment claim based on the alleged misappropriation of material within the scope of the Copyright Act is preempted. *See Panizza v. Mattel, Inc.*, No. 02 CV 7722(GBD), 2003 WL 22251317, at *4. The allegations in Vaughn's complaint go far beyond the mere misappropriation of an uncopyrightable idea, and are qualitatively similar to a copyright infringement action, because Vaughn's original complaint, in

essence, alleges that Kelly derived an unfair benefit based on Vaughn's contributions to the song and video.  *See id.*; see also *Stephen & Hayes Const., Inc. v. Meadowbrook Homes, Inc.*, 988 F.Supp. at 1200-01 (where the plaintiff claimed that the defendant profited by reproducing and copying work subject to copyright protection, its unjust enrichment claim was qualitatively the same as a copyright infringement claim).

Accordingly, Vaughn's unjust enrichment claim is preempted by the Copyright Act.  This means that Vaughn's complaint contains at least one count which arises under federal law, so removal based on the presence of a federal question was proper.  Vaughn's motion to remand, therefore, is denied.

The court does not need a crystal ball to know that Vaughn will wish to amend his complaint in light of this order.  Accordingly, the court will not reach the merits of his breach of contract and fraud claims as they currently stand.  It does, however, wish to comment briefly on Vaughn's assault and false imprisonment claims.  These are purely state law claims, so the court can exercise jurisdiction over them only if they are "so related to claims in the action within original jurisdiction that they form part of the same case or controversy."  28 U.S.C. § 1367.  The allegations supporting Vaughn's assault and false imprisonment claims do not have any apparent connection to Vaughn's claims relating to the "Step in the Name of Love" song or video.  Any amended complaint should address this concern.

*Conclusion*

For the reasons discussed above, Vaughn's motion to remand [33] is denied.  In the interests of avoiding piecemeal motions, Kelly's motion to dismiss the amended complaint [24]

is stricken without prejudice. Vaughn may file a second amended complaint by April 6, 2007, consistent with this order and counsels' Rule 11 obligations.

DATE: March 13, 2007

                                                  *Blanche M. Manning*
                                                 Blanche M. Manning
                                                 United States District Judge