**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| HENRY VAUGHN, | ) | |
|     Plaintiff, | ) | |
| | ) | |
|     v. | ) | 06 C 6427 |
| | ) | |
| ROBERT KELLY, | ) | |
|     Defendant. | ) | |

## MEMORANDUM AND ORDER

Henry Vaughn, a former employee of R. Kelly, contends that he is entitled to half of the proceeds from Kelly's popular song and video "Step in the Name of Love." Kelly's motion to dismiss Vaughn's breach of oral contract, unjust enrichment, and fraud claims for failure to state a claim is before the court.[1] For the following reasons, Kelly's motion is denied.

**I.    Background**

The following facts are drawn from Vaughn's amended complaint.[2] Vaughn is a songwriter, vocalist, and musician who has expertise in the dance style known as Steppin'. In late 2001, while working as part of Kelly's security team during a European tour, Vaughn proposed that he and Kelly jointly create and release a song and video featuring Steppin'. Kelly asked Vaughn to "[t]each [Kelly] the Steppin' dance, [w]ork with Defendant Kelly to develop a concept for a video revolving around the Steppin' dance . . . . and [a]ssist Defendant Kelly with a

---

[1] These claims are raised in Counts III-V, respectively, of the amended complaint. Vaughn previously remanded his remaining claims (Counts I and II, which raise battery and false imprisonment claims).

[2] Because the amended complaint supercedes the original complaint, the court will not consider allegations from that complaint. *See, e.g., 188 LLC v. Trinity Indus., Inc.*, 300 F.3d 730, 736 (7th Cir. 2002). The court also will not consider factual allegations made by Vaughn in response to the motion to dismiss which are at odds with the factual allegations in the amended complaint. *See, e.g., Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984).

song based on the dance Steppin'." Amended Complaint at ¶ 51. In consideration for these services, Kelly agreed to pay Vaughn one-half of the money he earned from the release of the song and/or video.

Pursuant to this verbal contract, Vaughn "provided his time, talents, and experience" to Kelly. *Id*. at ¶ at 78. Specifically, Vaughn taught Kelly how to step, provided him with information regarding "the culture behind the Steppin' movement" that Kelly used to write the lyrics to the "Step in the Name of Love," and "assisted Defendant Kelly in establishing the concept for the song and video." *Id*. at ¶¶ 55, 57. The video featured Kelly using the "moves and dance steps [Vaughn] taught him." *Id*. at ¶ 59. "Without [Vaughn] tendering Defendant Kelly the concept for a song revolving around Steppin', and without [Vaughn's] efforts, talents, time and assistance, . . . the song 'Step in the Name of Love' and the video for the single would not have become a reality." *Id*. at ¶ 66. Indeed, Vaughn contends that Kelly acknowledged his contributions by speaking the following words on the single "Dedicated to Uncle Henry Love: Thank you! Ohh, I love you[.] Thank you." *Id*. at ¶ 68.

Vaughn filed a motion to remand, contending that none of his claims implicated the Copyright Act. Based on the original complaint, which was the operative document because jurisdiction is determined at the time of removal, the court found that Vaughn's unjust enrichment claim was preempted because it concerned works that came within the subject matter of copyright and sought relief equivalent to the rights protected by the Copyright Act. Having found that jurisdiction was proper, the court did not consider whether the remaining claims for breach of oral contract and fraud were preempted as well. Kelly presently seeks to dismiss all of

the remaining claims, contending that they are preempted by the Copyright Act and, as such, are either time-barred or non-compensable works-for-hire.

## II. Discussion

### A. Standard on 12(b)(6) Motion to Dismiss

In ruling on a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the court must assume the truth of all facts alleged in the complaint, construing the allegations liberally and viewing them in the light most favorable to the plaintiff. *See, e.g., McMath v. City of Gary*, 976 F.2d 1026, 1031 (7th Cir. 1992). Dismissal is properly granted only if it is clear that no set of facts which the plaintiff could prove consistent with the pleadings would entitle the plaintiff to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). However, the court is neither bound by the plaintiff's legal characterization of the facts, nor required to ignore facts set forth in the complaint that undermine the plaintiff's claims. *Scott v. O'Grady*, 975 F.2d 366, 368 (7th Cir. 1992).

### B. Vaughn's Unjust Enrichment Claim

#### 1. Preemption

The court previously held that Vaughn's unjust enrichment claim, as pleaded in the original complaint, was equivalent to one protected by the Copyright Act and thus was preempted by the Copyright Act. The question before the court today is whether the unjust enrichment claim, as pleaded in the amended complaint, is also preempted.

Section 301 of the Copyright Act preempts state law based causes of action that are equivalent to copyright infringement claims. 17 U.S.C. § 301(a). Specifically, it provides that:

> [A]ll legal or equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright . . . in works of authorship that are fixed in a tangible medium of expression and come within the subject matter of copyright . . . whether published or unpublished, are governed exclusively by this title. Thereafter, no person is entitled to any such right or equivalent right in any such work under the common law or statutes of any State.

*Id*.

As the court noted in its first order addressing preemption, the Seventh Circuit has set forth a two-part test to determine whether a state law claim is equivalent to one protected by the Copyright Act: (1) the work at issue must be fixed in a tangible form and come within the subject matter of copyright as specified in §§ 102[3] and 103[4] of the Copyright Act (the subject matter prong); and (2) the right asserted must be equivalent to any of the rights specified in

---

[3] Section 102 grants copyright protection to "original works of authorship fixed in any tangible medium of expression," including sound recordings and musical, choreographic, and audiovisual works. 17 U.S.C. § 102(a). However, it also provides that copyright protection for an original work of authorship does not "extend to any idea, procedure, process, system, method of operation, concept, principle, or discovery, regardless of the form in which it is described, explained, illustrated, or embodied in such work." 17 U.S.C. § 102(b).

[4] Section 103 specifies that compilations and derivative works are entitled to copyright protection, but works using copyrighted materials unlawfully are not entitled to protection. 17 U.S.C. § 103(a). It further states that "the copyright in a compilation or derivative work extends only to the material contributed by the author of such work, as distinguished from the preexisting material employed in the work, and does not imply any exclusive right in the preexisting material. The copyright in such work is independent of, and does not affect or enlarge the scope, duration, ownership, or subsistence of, any copyright protection in the preexisting material." 17 U.S.C. § 103(b).

§ 106[5] of the Copyright Act (the equivalence prong). *ProCD, Inc. v. Zeidenberg*, 86 F.3d 1447, 1453 (7th Cir. 1996); *Baltimore Orioles, Inc. v. Major League Baseball Players Ass'n*, 805 F.2d 663, 674 (7th Cir. 1986).

Vaughn does not challenge the court's prior ruling that "Step in the Name of Love" and its accompanying video satisfy the subject matter prong of the preemption test. However, he contends that the allegations in the amended complaint show that the equivalence prong has not been satisfied. In support, he asserts that he merely proposed the concept for the song, taught Kelly to step, told Kelly about the Steppin' culture, and discussed concepts to be used in the video. According to Kelly, these contributions are not enough to show that he is attempting to assert a right that is equivalent to a right specified in the Copyright Act.

The problem with this argument is that it is inconsistent with the allegations in the amended complaint, which are essentially the same as those in the original complaint. As noted above, a litigant cannot amend his complaint in response to a motion to dismiss. *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d at 1107. Instead, he is bound by the allegations of the operative complaint. Moreover, the court gave Vaughn an opportunity to amend his complaint a second time, and Vaughn elected not to do so. He thus is bound by the allegations in the amended complaint and cannot rely on completely different factual allegations in his response to the motion to dismiss.[6] Because for preemption purposes the amended and original complaint's

---

[5] Section 106 states that a copyright owner has the exclusive right to reproduce the copyrighted work, prepare derivative works based upon the copyrighted work, distribute copies of the copyrighted work to the public by sale or other transfer of ownership, and perform or display the copyrighted work publicly. 17 U.S.C. § 106.

[6] In this regard, the court notes that it need not and hence will not reach the issue of whether the allegations in Vaughn's response to the motion to dismiss actually satisfy the

allegations are essentially identical, Vaughn's unjust enrichment claim, as pleaded in the amended complaint, is preempted for the reasons stated by the court when it considered the original complaint.

2.  **Statute of Limitations**

According to Kelly, once Vaughn's unjust enrichment claim is characterized as one arising under the Copyright Act, it must be dismissed with prejudice because it is untimely. In support, Kelly notes that the amended complaint alleges that Vaughn and Kelly agreed to co-create the song and video in October of 2001 and that the song was included on Kelly's 2002 album *Loveland*. He concludes that Vaughn must have known from the time the song was released that he had the right to share in any profits, so the statute of limitations began to run in 2002.[7]

The Copyright Act contains a three-year statute of limitations. *See* 17 U.S.C. § 507(b). Thus, if the clock began to tick at some point in 2002 when the album containing "Step in the Name of Love" was released, Vaughn's 2006 complaint is untimely. Vaughn, however, says the clock began ticking when he realized that Kelly had reneged on his promise to pay him half the proceeds from the song and video, and that this date was well within the three year limitations period. Alternatively, he contends that his claim is timely because Kelly's failure to pay him is a continuing violation.

---

equivalency prong.

[7] Kelly makes a similar argument about the video, but the amended complaint does not specify when that was released. Instead, it focuses on the song, alleging that it was included on the 2002 *Loveland* album and was remixed and became a hit in connection with Kelly's 2003 *Chocolate Factory* album.

"A co-author knows that he or she jointly created a work from the moment of its creation." *Merchant v. Levy*, 92 F.3d 51, 56 (2d Cir. 1996). However, this is not the moment at which the statute of limitations begins to run, as copyright claims based on co-authorship accrue when a plaintiff knows or has reason to know of his injury. *Id*. This happens when the co-author plainly and expressly repudiates co-ownership. *See Zuill v. Canadian*, 80 F.3d 1366, 1369 (9th Cir. 1996); *see also Netzer v. Continuity Graphic Assocs., Inc.*, 963 F.Supp. 1308, 1315 (S.D.N.Y.1997) (statute runs when the co-owner expressly asserts sole authorship or ownership); *Price v. Fox Entertainment Group, Inc.*, 473 F.Supp.2d 446, 455-56 (S.D.N.Y. 2007) (although a co-author knows that he or she jointly created a work at the time it is created, only an express assertion of sole authorship or ownership starts the copyright statute of limitations). This principle applies generally to copyright claims, not just claims based on co-ownership. *See Estate of Burne Hogarth v. Edgar Rice Burroughs, Inc.*, 342 F.3d 149, 165 n.18 (2d Cir. 2003) ("accrual occurred when the claimant became aware that she had sustained the injury of not receiving royalties").

Based on the allegations in the complaint, which the court must accept as true, the court declines to find that the release of the 2002 album with "Step in the Name of Love" or the release of the remixed version of the song in a 2003 album without any concomitant payments to Vaughn rise to the level of an express repudiation of co-ownership. In other words, because the time that Vaughn should have reasonably known that Kelly was not going to pay him is a fact question, Kelly's motion to dismiss based on the statute of limitations must be denied.

In this regard, the court declines to speculate as to when Vaughn should have realized that Kelly was not going to pay him royalties as this issue cannot be resolved at the motion to dismiss

stage.  Thus, the court will not consider Vaughn's alternative statute of limitations argument (a continuing violations theory) and, instead, will turn to Kelly's fallback Copyright Act argument, which is that Vaughn's claims are barred by the work-for-hire doctrine.

### 3. Work Made For Hire

A "work made for hire" is:

(1) a work prepared by an employee within the scope of his or her employment; or

(2) a work specially ordered or commissioned for use as a contribution to a collective work, as a part of a motion picture or other audiovisual work, as a translation, as a supplementary work, as a compilation, as an instructional text, as a test, as answer material for a test, or as an atlas, if the parties expressly agree in a written instrument signed by them that the work shall be considered a work made for hire.

17 U.S.C. § 101; *Gaiman v. McFarlane*, 360 F.3d 644, 650 (7th Cir. 2004).

If Vaughn's contributions are a work made for hire, he cannot state a claim under the Copyright Act because Kelly's alleged promise to pay him half the proceeds from the song and video was never reduced to writing.  *See* 17 U.S.C. § 201(b) ("In the case of a work made for hire, the employer or other person for whom the work was prepared is considered the author for purposes of this title, and, unless the parties have expressly agreed otherwise in a written instrument signed by them, owns all of the rights comprised in the copyright").

Kelly suggests that Vaughn worked for him, so any contribution must be a work made for hire.  This is an overstatement of the work made for hire doctrine, under which "all authorship and ownership rights in a copyrighted work vest in the employer where the work was created by an employee within the scope of employment." 17 U.S.C. § 101; *Thomas & Thomas Architects, Ltd. v. Cyrus Homes, Inc.*, No. 97 C 6936, 1998 WL 321463, at *3 (N.D. Ill. Jun. 12, 1998).  To

determine if a particular work was "prepared by an employee within the scope of employment" for purposes of § 101, the court must apply the general common law of agency. *Community for Creative Non-Violence v. Reid*, 490 U.S. 730, 740-41 (1989).

An employee's conduct is within the scope of his employment if: "(a) it is of the kind he is employed to perform; (b) it occurs substantially within the authorized time and space limits; [and] (c) it is actuated, at least in part, by a purpose to serve the master." *Martin v. City of Indianapolis*, 982 F.Supp. 625, 633 (S.D. Ind. 1997), *quoting* Restatement (Second) of Agency § 228(1) (1958). However, "[t]he fact that an employee is in the general employment of the employer does not create an inference that the conduct in question was within the employee's scope of employment." *Id.*, *citing* Restatement (Second) of Agency § 228 cmt. b.

Here, the amended complaint alleges that Kelly employed Vaughn as a security guard. The court finds that the alleged dancing/musical collaboration between Kelly and Vaughn is outside the scope of a security guard's employment. *See id*. at 633-34 (act of creating an artistic metal sculpture was outside the scope of employment of an employee who was responsible for "translating designs submitted by clients to forms suitable for metal fabrication, more in the nature of engineering, not the creation of original works of art"). Thus, Kelly's motion to dismiss based on the work made for hire doctrine is denied.

This means that Vaughn's unjust enrichment claim survives, except that it is preempted by the Copyright Act and as such, is in fact a request for relief under the Copyright Act. If Vaugh wishes to proceed with this claim, he must amend his complaint to allege a Copyright Act claim, as the court and Kelly cannot react to Vaughn's unjust enrichment/Copyright Act claim in

a meaningful way if they do not know what sort of copyright claim, if any, Vaughn wishes to pursue.

C. **Vaughn's Breach of Oral Contract Claim**

The court next considers whether Vaughn's state law claims for breach of an oral contract is, in fact, actually a federal copyright claim. The Seventh Circuit has held that rights created by contract are not necessarily "equivalent to any of the exclusive rights within the general scope of copyright" law. *ProCD, Inc. v. Zeidenberg*, 86 F.3d at 1454. However, a private contract is nevertheless within the scope of the Copyright Act if enforcing it would result in "withdraw[ing] . . . information from the public domain." *Id*. at 1455.

Kelly argues that Vaughn is asserting that he is a co-author and that the rights of a co-author are governed exclusively by the Copyright Act. Vaughn, on the other hand, contends that he merely supplied the idea for the song and accompanying video and is not attempting to claim the rights of a co-author. It is true that Vaughn's allegations in the amended complaint are broad and could be construed as stating a co-authorship claim. However, the court must construe the allegations in the light most favorable to Vaughn, so it will not read the amended complaint in the limited manner suggested by Kelly.

A contributor does not gain a co-owner copyright interest unless his contribution is independently copyrightable. *Natkin v. Winfrey*, 111 F.Supp.2d 1003, 1010 (N.D.Ill. 2000); *see also Erickson v. Trinity Theatre, Inc.*, 13 F.3d 1061, 1070-71 (7th Cir. 1994) ("To qualify as an author, one must supply more than mere direction or ideas" so "[a] collaborative contribution will not produce a joint work, and a contributor will not obtain a co-ownership interest, unless

the contribution represents original expression that could stand on its own as the subject matter of copyright"). It is thus possible for Vaughn's claim to exist outside of the Copyright Act.[8]

The Seventh Circuit has held that rights created by contract are generally not equivalent to exclusive rights within the scope of the Copyright Act. *ProCD, Inc. v. Zeidenberg*, 86 F.3d at 1454. Thus, in *ProCD*, a producer of computer software filed a copyright action against users of its software who had downloaded telephone information from the plaintiff's software and placed the listings on the Internet. The Seventh Circuit noted that the Copyright Act governs the author's rights against strangers. In contrast, a private contract between the author and another person affects only the parties to the contract and thus does not create an exclusive right arising under the Copyright Act. It then concluded that the contract at issue was not preempted by the Copyright Act because respecting a two-party contract neither interfered with the national objectives of the Copyright Act nor forced any information to be withdrawn from the public domain. *Id*.

In this case, the alleged oral contract between Vaughn and Kelly governed the division of profits from any song and video based on Vaughn's interaction with Kelly about Steppin'. This is the case whether Vaughn was an integral part of creating the song and video (per the amended complaint) or merely contributed the idea for the song and video (per Vaughn's brief, which improperly attempts to retreat from the allegations in the amended complaint). As in *ProCD*, the alleged agreement regarding profits from the song and video does not necessarily implicate the

---

[8] The court also notes that its task at this point is to decide whether the Copyright Act preempts Vaughn's breach of oral contract claim, not whether Vaughn has stated a viable co-authorship claim under the Copyright Act. Thus, Kelly's brief, which assumes that Vaughn is a co-author, puts the cart before the horse.

Copyright Act because that agreement is not directed at the "right to reproduce the copyrighted work, prepare derivative works based upon the copyrighted work, distribute copies of the copyrighted work to the public by sale or other transfer of ownership, and perform or display the copyrighted work publicly." 17 U.S.C. § 106.

Moreover, if the court were to enforce the alleged contract, no information would be withdrawn from the public domain because the contract merely apportions the profits between Kelly and Vaughn. *See Royal v. Leading Edge Products, Inc.*, 833 F.2d 1, 3-4 (1st Cir. 1987) (breach of contract claim was not preempted because "if the royalty agreement stands, then the plaintiff's sole remedy for the breach of it would be money damages and the Copyright Act need not be construed"); *see also Gail Green Licensing & Design Ltd. v. Accord, Inc.*, No. 05 C 5303, 2006 WL 2873202, at *6 (N.D. Ill. Oct 5, 2006) (a claim that the defendants breached a contractual duty of confidentiality is not the equivalent of any of the exclusive rights copyright holders have under the Copyright Act and thus was not preempted). For all of these reasons, the court finds that Vaughn's breach of contract claim is not preempted by the Copyright Act.

### D. Vaughn's Fraud Claim

With respect to Vaughn's fraud claim, Kelly contends that any request for profits necessarily arises under the Copyright Act. However, § 301 of the Copyright Act does not necessarily preempt common law fraud claims. *Do It Best Corp. v. Passport Software, Inc.*, No. 01 C 7674, 2004 WL 1660814, at *5 n.22 (N.D. Ill. Jul. 23, 2004) (collecting cases). Indeed, as the court's colleague observed in *Do it Best*, the legislative history and treatises have rejected the argument that fraud claims are always preempted. *Id.*, *quoting* H.R. Rep. No. 94-1476 (1976), reprinted in 1976 U.S.C.C.A.N. 5659, 5748 ("[T]he general laws of defamation and fraud . . .

remain unaffected as long as the causes of action contain elements . . . that are different in kind from copyright infringement"); 1 Melville B. Nimmer & David Nimmer, Nimmer On Copyright § 1.01[B][1][3], pp. 1-27 (2004) ("[T]he element of misrepresentation or deception . . . is no part of a cause of action for copyright infringement. Thus, there is no preemption of the state law of fraud"). Accordingly, the court declines to accept Kelly's invitation to hold that all fraud claims are necessarily copyright claims. This means that Vaughn's fraud claim is not preempted.

## III. Conclusion

For the reasons discussed above, Kelly's motion to dismiss [50 & 53] is denied. In light of the court's holding that Vaughn's unjust enrichment claim is preempted by the Copyright Act and as such, is in fact a request for relief under the Copyright Act, if Vaughn wishes to proceed with this claim, he must amend this count to seek relief under the Copyright Act. Any second amended complaint must be filed by August 13, 2007, consistent with this order and counsels' Rule 11 obligations. If Vaughn does not file a second amended complaint, the court will assume he wishes to dismiss his unjust enrichment/Copyright Act claim with prejudice and will enter an order accordingly.


DATE: July 16, 2007

_____
Blanche M. Manning
United States District Judge